WILLIAM DAWSON, Appellant, *v.* AMERICAN CENTRAL INSUR-ANCE COMPANY, Respondent.

### February 28, 1876.

1. Plaintiff took out a fire policy, in the office of defendant, on a dwelling-house. One of the conditions of insurance was that, if the house should become vacant and unoccupied, the policy should be void. The house was occupied when insured, but subsequently became vacant, and while vacant was burned. *Held,* that the underwriter was discharged.

2. The Court of Appeals cannot order to be certified up, for its inspection, an original paper used as evidence in the court below.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Sharman & Cameron*, for appellant, cited: Leggett *v.* Ins. Co., 10 Rich. (S. C.) 202 ; Shaw *v.* Hawkes, 6 Ad. & E. 75 ; Williams *v.* New England Mutual Fire Ins. Co., 31 Me. 225 ; Billings *v.* Tolland County Mutual Fire Ins. Co., 20 Conn. 139 ; Farmers and Mechanics' Ins. Co. *v.* Simmons, 30 Penn. St. 299 ; The Merchants and Mechanics' Ins. Co. *v.* The Washington Mutual Ins. Co., 1 Handy (Ohio), 408 ; Shearman *v.* The Niagara Ins. Co., 46 N. Y. 532 ; Tesson *v.* The Atlantic Mutual Ins. Co., 40 Mo. 38 ; 1 Ph. on Ins., secs. 766, 872 ; Aurora Fire Ins. Co. *v.* Eddy, 49 Ill. 108 ; Hoffman *v.* Ætna Ins. Co., 32 N. Y. 413 ; Yeaton *v.* Fry, 5 Cranch, 341 ; Palmer *v.* Western Ins. Co., 1 Story, 364, 365 ; Petty *v.* Royal Exchange Ins. Co., 1 Burr. 340 ; 54 N. Y. 573.

*Rankin & Hayden*, for respondent, cited: Harrison *v.* City Fire Ins. Co., 9 Allen (Mass.), 231 ; Wustum *v.* Ins. Co., 15 Wis. 138 ; Keith *v.* Ins. Co., 10 Allen (Mass.), 228 ; Kimball *v.* Ins. Co., 8 Gray (Mass.), 233 ; Mellen *v.* Ins. Co., 17 N. Y. 609 ; City, etc., *v.* Ins. Co., 9 Gray (Mass.), 27 ; Mead *v.* Northwestern Ins. Co., 7 N. Y. 530.

GANTT, P. J., delivered the opinion of the court.

Dawson took out a policy in the office of defendent, dated January 30, 1872, insuring a house, to him belonging, against loss by fire for one year, in the sum of $1,200. The house was destroyed by fire on December 28, 1872, and this suit being brought, defendant answered that one of the conditions of the policy was that, if the house should become vacant and unoccupied, the policy should be void; that, when insured, the house was occupied as a dwelling; that, in November, 1872, it became vacant and unoccupied, by the consent and knowledge of the plaintiff, and was destroyed while thus vacant and unoccupied. The plaintiff

replied that this condition was fraudulently printed in such small type that plaintiff could not read it; that the agent of defendant assured him that the policy was all right; that the premises were not vacant with the knowledge or consent of the plaintiff; and that, as soon as he discovered that they were vacant, he bestirred himself to obtain another tenant.

At the trial, after putting in the policy, the plaintiff was sworn. He testified that he never read, nor attempted to read, the policy; that his sight was very defective, and had been for some years; that a man named Hubbard came to his house, bringing him a policy from the Ætna, and asked him if he had any other houses to insure. Hubbard was travelling about, giving policies on lives and against fire. Dawson said he wanted to know the contents of this policy, when Hubbard brought it to him. Hubbard replied, "Never mind, its all right," and showed him a schedule setting forth what losses the defendant had paid on the Chicago fire. The house was occupied when insured. It was vacant and unoccupied when burned, and had been so for about four weeks. The tenant moved out, by the direction of plaintiff, about the middle of November, 1872. At the close of the plaintiff's case the court declared that the plaintiff could not recover. He excepted, and appealed to this court.

There is no error in this record. It was plainly declared that the policy would not cover the house if it became vacant and unoccupied. It did become vacant and unoccupied by the act of the plaintiff himself, and so continued for a period variously estimated at from four to six weeks. While thus vacant and unoccupied it was burned. It was not at the risk of the company at that time. It was alleged in the reply that the condition was fraudulently printed in small type in order to deceive the plaintiff. This allegation is entirely unsupported by evidence. No attempt, so far as we can see, was made to support it.

Since writing this opinion, the counsel for appellant have

filed a motion asking this court to order the original policy to be sent up to be inspected, for the purpose of enabling it to understand the force of the objection made by Dawson, in the Circuit Court, to the smallness of the type in which part of this policy was printed. There are obvious reasons. why this motion cannot be granted, of which we need only state one, namely, that this court has no power to amend. or enlarge a bill of exceptions. But, even if this original policy were made part of the record, what possible weight. could be given to this objection, when we are told by the plaintiff himself that he never attempted to read, or to cause to be read to him, this policy?

The judgment of the Circuit Court is affirmed, all the judges concurring.